UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: | ) Bankr. No. 05-40226 |
| | ) Chapter 7 |
| JEAN D. OLSON | ) |
| Soc. Sec. No. XXX-XX-9366 | ) DECISION RE: TRUSTEE'S |
| | ) OBJECTION TO DEBTOR'S CLAIM |
| Debtor. | ) OF HEAD OF HOUSEHOLD STATUS |

The matter before the Court is Trustee John S. Lovald's Objection to Claimed Exemptions and Debtor Jean D. Olson's response. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Decision shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052 and 9014(c). As set forth below, the Objection will be overruled and Debtor will be allowed to claim exemptions under S.D.C.L. § 43-45-4 as a head of household.

I.

Jean D. Olson is a single person. She has an adult son who lives with her. He has not held meaningful employment.

Olson filed a Chapter 7 petition in bankruptcy. She claimed exempt under S.D.C.L. § 43-45-4 personal property with a total value of $5,965.[1] Trustee John S. Lovald filed an objection. He argued Debtor is not a head of household and, therefore, may only claim property exempt under § 43-45-4 with a value not to exceed $4,000. Debtor countered saying the fact that her son lives with her and she supports him qualifies her as a head of a family.

---

[1] Among the several items that Debtor declared exempt under § 43-45-4 was "Child support arrearages." She said the market value of this asset was $52,000, but she listed "0" for the value of the claimed exemption. The zero had the effect of not exempting any of the child support arrearage. *Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68, 71-73 (B.A.P. 8th Cir. 2001).

At the evidentiary hearing, Olson testified she is a widow employed at Larson Manufacturing in Brookings, South Dakota. She stated her son Matthew is 21 years old and lives at home with her. Olson testified that her son has some problems, though he has had no formal diagnosis or treatment for these problems. Olson said her son is not currently employed but has worked occasionally for brief times. Olson stated that she is the primary breadwinner in the family and that even when Matthew has been employed, he has not contributed to the household expenses.

Based on the evidence that Olson was providing voluntary support for her son, Trustee Lovald argued that she should not be deemed a head of household. Debtor's counsel argued South Dakota's exemption law only requires a family unit to exist and for Debtor to be the primary breadwinner for her to be the head of that family unit.

The matter was taken under advisement.

II.

South Dakota's exemption statutes are made applicable in bankruptcy cases in this District pursuant to 11 U.S.C. § 522(b)(2). Under S.D.C.L. § 43-45-4, a debtor may declare exempt personal property up to a certain value. That value is determined by whether the debtor is a "head of a family." A head of a family may declare exempt personalty valued up to $6,000. S.D.C.L.

§ 43-45-4. A non head of a family may declare only $4,000 exempt.[2]

State exemption statutes do not define the term "head of a family"[3] However, this Court has previously relied upon *Goodland v. Smejkal*, 190 N.W. 1017, 1018 (S.D. 1922), where that court concluded:

> It is not material how old appellant is or whether he is married or single. It appears that his mother was living with him as a member of his family, and was dependent on him for support. This constitutes defendant the head of a family.

*Id.* at 1018 (quoted in *In re Majorie A. Schmidt*, Bankr. No. 97-30009, slip op. at 3 (Bankr. D.S.D. August 1, 1997)).

Whether the debtor is a head of a family is determined by his status on the petition date. *Alexander v. Jenson-Carter (In re Alexander)*, 236 F.3d 431, 432-33 (8th Cir. 2001); *Armstrong v. Peterson (In re Armstrong)*, 897 F.2d 935, 937 (8th Cir. 1990). Further, while exemption laws should be liberally construed in favor of the debtor, a violation of the express terms of the exemption statute should not be indulged. *Rames v. Norbraten*, 272

---

[2] The state legislature amended S.D.C.L. § 43-45-4 in 1998 to increase these limits. Under the language of the amended statute, married couples who file bankruptcy jointly may declare up to $10,000 exempt under § 43-45-4. *In re Jerald J. and Penny A. Burns*, Bankr. No. 98-50451, bench op. (Bankr. D.S.D. Nov. 23, 1998).

[3] For homestead exemption purposes only, a "family" includes a "widow or widower, though without children, while continuing to occupy the homestead used as such at the time of the death of the husband or wife, or any family, whether consisting of one or more persons in actual occupancy of a homestead as defined in this code[.] S.D.C.L. § 43-31-14.

...

-4-

N.W. 826, 827 (S.D. 1937).

### III.

It is clear that Debtor and her adult son form a family unit and that her son is dependent on Debtor for his support. Accordingly, that makes Debtor the head of that family. As such, she may declare exempt under § 43-45-4 personal property with a total value of $6,000.

Had the Court been called upon to consider these circumstances in a § 707(b) analysis, it is possible that Debtor would not be able to claim her adult son's living expenses as part of her reasonable living expenses. *See In re Phyllis R. Bitterman*, Bankr. No. 99-41111, slip op. (Bankr. D.S.D. June 27, 2000); *In re Robert D. and Susan R. Mendelsohn*, Bankr. No. 98-40099, slip op. (Bankr. D.S.D. Nov. 10, 1998). Section 43-45-4, however, demands a different application of the facts. Trustee Lovald's objection to exemptions, therefore, will be overruled. An appropriate order will be entered.

Dated this 21st day of July, 2005.

BY THE COURT:

Irvin N. Hoyt
Bankruptcy Judge

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JUL 2 1 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JUL 2 1 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321


John S. Lovald
Trustee
PO Box 66
Pierre, SD 57501


Jean D Olson
324 Antelope Street
Elkton, SD 57026


Jesse J. Ronning
Fite & Pierce Law Office
316 Fourth St
PO Box 524
Brookings, SD 57006-0524